UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| BERTRAM VALENTINE CRICK<br>Plaintiff,<br>v.<br><br>KULLEN & KASSAB, P.C.<br>Defendant. | Case No.:<br>Hon. |
|---|---|

## COMPLAINT

1. Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue is proper because the acts and transactions occurred in Wayne County, Michigan ("here"), Plaintiff was sued her relating to the underlying matter, Plaintiff was sent letters to collect a debt in here, and Defendant transacts business here.

4. Plaintiff, Bertram Valentine Crick, a natural person who at all relevant times resided in New York, but owned property in Michigan, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Kullen & Kassab P.C. reside in Farmington Hills, Michigan and uses an instrumentality of interstate commerce including the mail and phone and regularly collects or attempts to collect, directly or indirectly, debts

owed or due or asserted to be owed or due another and thus is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes based upon an alleged debt to for non-payment of rent to River House Cooperative that allegedly went into default and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

7. The alleged debt was assigned to Defendant for collection.

8. Defendant commenced an action against plaintiff in Wayne County 36th District Court 19361893-LT ("the matter") through the filing of a summons and complaint for non-payment of rent on September 19, 2019.

9. The matter was scheduled for a hearing on Monday, September 30, 2019 at 9:00 am.

10. On or about Saturday, September 28, 2019, plaintiff made an electronic payment for the full amount of rent due to Riverhouse Cooperative, the party defendant was representing.

11. Despite payment in full, defendant appeared in the matter and a judgment for possession was entered against plaintiff.

12. A judgment for possession when for unpaid rent that is due mandates that a judge or jury determine the amount due or in arrears under MCL 600.5741.

13. On information and belief the judgment for possession contains a notation on the alleged amount due.

14. Because the complaint was based upon non-payment or rent and because rent was fully paid prior to the hearing held on September 30, 2019, no judgment should have entered against plaintiff.

15. Plaintiff hired attorney Andrew L. Campbell ("plaintiff's counsel") to discuss the matter with defendant.

16. During a conversation with defendant, plaintiff's counsel urged defendant to file a motion to vacate the order to correct the matter in the public record and to ensure the public at large would know what actually transpired.

17. Defendant refused to do so.

18. The Fair Debt Collection Practices Act 15 U.S.C. 1692 identifies findings and declaration of purpose made by Congress including (a) Abusive practices:

> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

19. Plaintiff suffered injury-in-fact when false information was published about him as a result of defendant's failures to comply with the law.

20. The injury suffered by plaintiff was concrete and particularized causing plaintiff to suffer indignation and humiliation.

21. The risk of harm created by this violation was material because the judgment said to the world that plaintiff still owed a debt that he had already paid, asserting that plaintiff did not comply with the court's order to pay that debt within the applicable time period, placing plaintiff in a false light and because such a judgment could have been used to limit plaintiff's ability to obtain credit and hurt his business standing in the community and public at large.

## CAUSES OF ACTION

### COUNT I.
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

22. Plaintiff incorporates by reference all paragraphs of this Complaint.

23. The foregoing acts and omissions of Defendant constitute violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

24. Defendant violated 15 U.S.C. § 1692e(10) when he made a false representation or used deceptive means to collect or attempt to collect a debt

when he continued an action after full payment had been received, when it represented to the court that money was due but not yet paid when that was false, when judgment for possession was entered despite such payment, and when defendant willfully refused to file a motion to set aside or vacate the judgment.

25. Plaintiff was damaged as a result of Defendant's acts because 1) the public record contains inaccurate information in that the full amount was paid prior to judgment being entered, 2) the public record was never corrected despite notice and opportunity, 3) places plaintiff in a false light not only to the individuals present at the court hearing but to the public at large because the information was false in that no monies were due at the time of the entry of the order for possession and 4) certain services exist to track such information that are sometimes employed by landlords or property management companies prior to accepting tenants applications.

26. The violations were procedural in nature in that both MCL 600.5741 and MCR 4.201(K)(1) were violated.

27. The above FDCPA violations created a material risk of harm to the interests recognized by Congress in enacting the FDCPA.

28. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages, statutory damages in an amount up to $1,000.00 pursuant to

15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for Plaintiff;

- for an award of actual damages;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff;

- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: July 15, 2020

*/s/ Andrew L. Campbell*
Andrew L. Campbell

                                                                                           1000 Beach St, Suite B  
                                                                                           Flint, MI 48502  
                                                                                           (810) 232-4344  
                                                                                           michiganbk@gmail.com  
                                                                                           P64391